## WHITENRIGHT et al. *v.* LEAVITT et al.

Decision in *Richardson* v. *Leavitt*, 1 An. 430, affirmed.

WHITENRIGHT
*v.*
LEVITT.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Lockett* and *Goold*, for the appellants. *Cohen* and *T. A. Clarke*, for the defendants. The judgment of the court *(Slidell*, J. not sitting, having been of counsel,) was pronounced by

EUSTIS, C. J. The plaintiffs, who are merchants residing in the city of New York, instituted suit against the defendants, *J. W. & R. Leavitt*, who are also merchants in New York, by attachment. The property attached was claimed by the intervenors, under an assignment made in New York. The judgment of the court of the first instance was in favor of the intervenors, and the plaintiffs have appealed; and the sole question for the consideration of the court is, the validity of that assignment. In the case of *Richardson* v. *Leavitt*, 1 An. 430, this assignment was before the court, and we there held that, it being of personal property in trust, for the payment of particular creditors by preference, and it being valid by the laws of New York where it was executed, and where all the parties resided, and the property being delivered into the possession of the assignees, it was not liable to attachment by a New York creditor for a debt contracted and payable there. The case was much contested, and very thoroughly argued. The argument principally turned upon the effect of the laws of Louisiana upon the assignment, and its validity under the laws of New York does not appear to have been much contested.

It is contended that, under the jurisprudence of New York, the assignment is fraudulent and void, because it appropriates partnership property to the payment of the individual creditors of the partners, and the several property of the members of the firm to the payment of the partnership debts. The only property upon which this assignment was to operate in Louisiana, as far as the evidence shows, was the remains of certain invoices of goods shipped to New Orleans by the defendants for sale on consignment, and the proceeds of certain goods which had been sold on their account, which both appear to be property of the partnership. It appears that in the assignment provision is made for private debts of the partners, as well as for the partnership debts. The assignment is made without imposing on the assignees any discrimination in the payment; and it might well be said that, in executing their trust, they would be held to the distribution which the law would make, and to apply the partnership property first to the payment of the partnership debts. But the authorities referred to by the counsel do not support the position that he has taken. The principal case which he has relied upon is that of *Jackson* v. *Cornell*, 1 Sanford's Chancery Rep. 348. The assignment held in this case to be void was of *all* the property of the insolvent, real and personal; and in the other cases, in which the rules stated by the counsel have been acted upon, the assignments have been of *all* the property or the great *bulk* of it, and what are termed general assignments: The assignment under consideration purports only to convey that portion of the defendants' property which was in the State of Louisiana, and perhaps an inconsiderable part of their whole estate.

Upon a full consideration of the subject, We adhere to our opinion given in *Richardson's* case:

Judgment affirmed.